```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *
                             *
v.                           *
                             *  Criminal No. WMN-06-0455
ANTONIA HURD                 *  Civil Action No. WMN-12-2485
                             *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## **MEMORANDUM**

On May 31, 2007, Petitioner Antonia Hurd pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and (f). Mr. Hurd was sentenced on August 16, 2007, to a term of imprisonment of 140 months to run concurrent to a state sentence that he was then serving. ECF No. 25. Mr. Hurd did not appeal his conviction or his sentence. Four years after his sentencing, on or about August 20, 2012, Mr. Hurd filed the pending motion under 28 U.S.C. § 2255, arguing that the enhancement of his federal sentence based upon prior state convictions was improper. As support for his petition, Mr. Hurd relies on the Fourth Circuit decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petition at 5.

On August 24, 2012, this Court instructed the Government to file a limited response to Mr. Hurd's petition, addressing the issue of timeliness only. The Government filed its response on October 22, 2012, arguing that the petition was indeed untimely. On October 25, 2012, the Court issued an order granting Mr. Hurd

28 days in which to respond to the Government's submission and to provide the Court with information establishing that he is entitled either to the benefit of one of the exceptions to the one year limitations period of § 2255 or to equitable tolling. Mr. Hurd filed a response on November 29, 2012, but mentioned in his pleading that he never received a copy of the Government's pleading.  ECF No. 41 at 1.  On December 4, 2012, the Government informed the Court that it had mailed another copy of its response to Petitioner on that date and that it would not object to an additional period of time, to January 4, 2013, for Mr. Hurd to file any supplemental pleading that he deemed necessary upon receipt of the Government's pleading.  ECF No. 42.  No further response has been received from Mr. Hurd.

    The general limitations period in which to file a motion under § 2255 is one year from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Here, because Mr. Hurd did not file an appeal, his judgment became final on August 16, 2007, and thus the general one year limitations period in which to file a § 2255 motion expired on August 16, 2008.  To avoid this time bar, Mr. Hurd argues that the "profound change in the circuit law affected by <u>Simmons</u>" was something he could not have predicted and, thus, he should be deemed to have diligently pursued his rights, despite having waited four years to challenge his sentence enhancement.  On

that basis, Mr. Hurd contends that the one year limitations period for him to file his § 2255 motion was equitably tolled until the issuance of the Fourth Circuit's decision in Simmons.

In Simmons, the Fourth Circuit did overrule its prior decisions and held that, in deciding whether to enhance federal sentences based on prior state convictions, courts should look, not to the maximum sentence that state courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. Simmons, 649 F.3d at 241. Simmons was an extension of the Supreme Court's 2010 decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which addressed how to treat state criminal convictions for purposes of decisions under the Immigration and Naturalization Act.

This Court has already informally opined that, notwithstanding any issues of timeliness, Mr. Hurd would not be entitled to relief under Simmons. See ECF No. 36. Were Simmons relevant to Mr. Hurd's sentencing, the Court, nonetheless, must find that he is not entitled to the relief requested. Although couched in slightly different terms, the same timeliness argument now advanced by Mr. Hurd was made and

rejected by the Fourth Circuit in United States v. Powell, 691 F.3d 554 (4th Cir. 2012).

In Powell, the defendant moved to vacate his sentence contending that, in light of Carachuri and Simmons, his sentence was erroneously enhanced.  Powell filed his § 2255 motion almost six years after his sentencing but within one year of the Supreme Court's decision in Carachuri.  After reviewing the governing principles as to whether a new right is retroactively applicable to cases on collateral review, the Fourth Circuit held that Carachuri, and by extension, Simmons, "is best understood as articulating a procedural rule rather than a substantive one."  691 F.3d at 558.  Following the well-established principle that procedural rules are not retroactively applied, the court held that Powell's § 2255 motion was properly dismissed as untimely.  Id. at 560.  The same result must follow here.  Accordingly, Mr. Hurd's motion will be denied and this case dismissed.

A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: February 26, 2013.